UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| CORY STEFFENS,<br>        Plaintiff,<br><br>        v.<br><br>NANCY BERRYHILL,[1]<br>ACTING COMMISSIONER OF<br>SOCIAL SECURITY,<br>        Defendant. | ) ) ) ) ) ) ) ) ) ) | C.A. No. 16-cv-190-M-PAS |

## ORDER

Plaintiff Cory Steffens seeks judicial review of the final administrative decision of the Commissioner of Social Security denying his claim for Social Security Disability Benefits ("SSDI"). The Administrative Law Judge ("ALJ") determined that Mr. Steffens had severe impairments, specifically that he suffered from an affective disorder, anxiety disorder, and a personality disorder, but that he was not disabled because he retained the ability to perform the full range of work with certain non-exertional limitations consistent with his limited concentration, persistence, and pace. Mr. Steffens appeals the Commissioner's ruling on two grounds: first, that the ALJ did not base her RFC determination on substantial evidence in the record, and second, that her credibility assessment was also not based on substantial evidence. After a thorough review of the record and the briefing in this matter, this Court finds

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill has been substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this action.

that Mr. Steffens has not met his burden to show that the ALJ's decision is unsupported by substantial evidence. Therefore, the Commissioner's decision is affirmed.

## II.   STANDARD OF REVIEW

A district court's role in reviewing the Commissioner's decision is limited. Although questions of law are reviewed *de novo,* "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). The term "substantial evidence" is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.,* 305 U.S. 197, 229 (1938)). The determination of substantiality must be made upon an evaluation of the record as a whole. *Ortiz v. Sec'y of Health & Human Servs.,* 955 F.2d 765, 769 (1st Cir. 1991). In reviewing the record, the Court must avoid reinterpreting the evidence or otherwise substituting its own judgment for that of the Secretary. The resolution of conflicts in the evidence is for the Commissioner, not the courts. *Rodriguez v. Sec'y of Health & Human Servs.,* 647 F.2d 218, 222 (1st Cir. 1981) (citing *Richardson,* 402 U.S. at 399).

## III.   APPLICABLE LAW

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" or combination of impairments "which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

42 U.S.C. §§ 423(d)(1)(A), (d)(2)(B); *see also* 20 C.F.R. § 404.1509 ("Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months. We call this the duration requirement.").

The ALJ must follow five well-known steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments, which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering his RFC, age, education and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden of proving step five. *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 7 (1st Cir. 1982).

In considering whether a claimant's physical and mental impairments are severe enough to qualify for disability, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe

3

combination of impairments throughout the disability determination process.  42 U.S.C. § 423(d)(2)(B).  Importantly, the ALJ must make specific and pronounced findings when deciding whether an individual is disabled.  *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993).

## IV.  ALJ'S DECISION

Following the five steps, the ALJ found that: (1) Mr. Steffens had not engaged in substantial gainful activity since August 12, 2013, the application date; (2) Mr. Steffens had severe impairments of affective disorder, anxiety disorder, and personality disorder; (3) Mr. Steffens did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) Mr. Steffens could not perform his past relevant work, but retained the RFC to perform a full range of exertional work with certain limitations; and (5) he is capable of performing jobs that exist in significant numbers in the national economy including unskilled medium, light, and sedentary work.  In sum, the ALJ determined that Mr. Steffens was not disabled.

## V.  ANALYSIS

### A.  The ALJ's RFC Determination is Supported by Substantial Evidence

The ALJ determined that Mr. Steffens retained the RFC to perform a full range of exertional work with certain limitations.  Mr. Steffens argues that this is error because the ALJ based this conclusion on her finding that his mental status exams were "generally intact" or "intact" in the face of opinions in the record from Dr. Louis Cerbo, Dr. Ronald Paolino, and treaters from Bridge Mark and Thundermist Health

Center that he suffered from racing thoughts, ADHD, irritability, difficulty controlling anger, paranoia, and depression. The Commissioner responds by citing to these opinions and to conflicting ones from state agency physicians that support the ALJ's RFC finding.

A review of the record supports the Commissioner's position. The ALJ assessed the weight of the evidence – including inconsistent opinions – and came to the conclusion that Mr. Steffens' mental status was intact or generally intact throughout his treatment. The ALJ was well within her power to assess this evidence and to rule accordingly. She cited specific records indicating that Mr. Steffens had intact attention and concentration and was able to sit for meetings and group therapy. There was no evidence of frequent angry outbursts or volatile behavior; in fact, the records reflect that he interacted appropriately with his medical and mental health providers and was able to maintain relationships with his family and girlfriend. She noted that his statements about the voices he heard were inconsistent and visual hallucinations were non-specific. The ALJ noted that Mr. Steffens was able to interact appropriately, perform a wide range of activities, socialize with family and friends, and seek assistance. Moreover, she noted that his mental state improved with treatment and medication and Mr. Steffens noted, "one of his reasons for his pattern of recovery and relapse was boredom." ECF No. 5-2 at 32.

It is the Commission's job to evaluate inconsistent opinions and resolve those conflicts based on the record as a whole. *Rodriguez*, 647 F.2d at 222 (citing *Richardson*, 402 U.S. at 399). Because the ALJ based her conclusion on substantial

evidence from the record, and provided findings and analysis thereon in the decision, and the Court will not overturn her decision.

**B.    The ALJ Did Not Err in Finding that Mr. Steffens Was Not Entirely Credible**

In evaluating the severity of Mr. Steffens' condition, the ALJ had to make a credibility determination. Mr. Steffens asserts that the ALJ's finding that he was not entirely credible is not based on substantial evidence in the record.   The Commissioner disagrees.   Although the ALJ has the power to resolve credibility issues, *Ortiz*, 955 F.2d at 769, that determination must be supported by substantial evidence. *Da Rosa v. Sec'y of Health & Human Servs.*, 803 F.2d 24, 26 (1st Cir. 1986). If the ALJ decides that an applicant's testimony about his condition is not credible, she "must make specific findings as to the relevant evidence [s]he considered in determining to disbelieve the [claimant]." *Frustaglia v. Sec'y of Health & Human Servs.*, 829 F.2d 192, 195 (1st Cir. 1987).   The Court finds that the ALJ has appropriately assessed Mr. Steffens' credibility here.

This ALJ heard testimony from Mr. Steffens, observed his demeanor, and was in a position to balance those impressions with all of the other record evidence. *Frustaglia*, 829 F.2d at 195 (citing *DaRosa*, 803 F.2d at 26).   The ALJ was required to determine the extent to which Mr. Steffens' subjective complaints of symptoms and resulting limitations could be credited. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a); *Avery v. Sec'y of Health & Human Servs.*, 797 F.2d 19, 29 (1st Cir. 1986). Here, she considered Mr. Steffens' activities of daily living, including his ability to care for himself and his son, that he occasionally went shopping with his girlfriend, rode

public transportation (albeit in a self-segregated space at the rear of the bus), his ability to maintain relationships with others, specifically his girlfriend, his ability to attend prescribed counseling and take prescribed medication, that his mental conditions responded to that medication when taken regularly, and his generally normal mental status evaluations as noted by multiple treating sources. Looking at the entirety of the record including testimony and the opinions of the treating and non-treating sources, the ALJ concluded that Mr. Steffens' self-reported limitations allegedly resulting from his disability were not supported by the record and therefore, not entirely credible. Contrary to Mr. Steffens' arguments, the Court finds that the ALJ's assessment of the credibility of his subjective complaints of symptoms and resulting functional limitations is supported by substantial evidence.

VI.     CONCLUSION

The Court affirms the ALJ's decision in this case as it was based on substantial evidence in the record. Mr. Steffens' Motion to Reverse or Remand (ECF No. 10) is DENIED. The Commissioner's Motion to Affirm (ECF No. 16) is GRANTED.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

February 21, 2017